IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PAUL WINSTON PERRY, individually and on behalf of similarly situated individuals** § § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| **GOODWILL INDUSTRIES OF HOUSTON** § § | | |
| Defendant § | | |

## ORIGINAL COMPLAINT

Plaintiff, Paul Winston Perry, individually and on behalf of similarly situated individuals, by and through his undersigned counsel, hereby brings this action against Defendant, Goodwill Industries of Houston ("Goodwill" or "Defendant"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 et seq (1994 ed. and Supp. III)("FLSA").

### PARTIES

1. Plaintiff Paul Winston Perry ("Plaintiff" or "Perry") resides in Brazoria County, Texas.

2. Plaintiff was an "employee" of Defendant, as that term is defined by the FLSA. During his employment with the Defendant, the Plaintiff individually and on behalf of similarly situated individuals was individually and directly engaged in interstate commerce by his regular and recurring use the instrumentalities of (credit card machines, Dolly, flatbed dolly, furniture mover, carts, receipt machine, paper towel, cleaning supplies) as part of his regular and recurring job duties, and his work was essential to Defendant's business.

3. Plaintiff Perry's written consent to this action is attached. (Exhibit "A").

4. Defendant, Goodwill Industries of Houston ("Defendant" or "Goodwill"), is a professional association formed and existing under the laws of the State of Texas and which maintains and operates multiple retail businesses in the greater Houston area.

5. Defendant is a Texas Non-Profit Corporation. Defendant's headquarters is located at 1140 West Loop North Houston, Texas 77055. Defendant may be served through its registered agent for service of process of Steven P. Lufburrow at 1140 West Loop North Houston, Texas 77055.

6. Plaintiff worked for Defendant in their Pearland Location at 3265 E Broadway St. Pearland, TX 77581, USA.

7. Subject to the provisions of the FLSA because at all relevant times it engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).

8. At all times material to this complaint, Defendant had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

## FACTS

9. From January 2021 to present, Defendant employed Plaintiff individually and on behalf of similarly situated individuals as a Cashier.

10. Defendant's employees routinely handled goods or materials – such as (credit card machines, Dolly, flatbed dolly, furniture mover, carts, receipt machine, paper towel, cleaning supplies) that have moved in, or were produced for, interstate commerce.

11. During his employment, Defendant paid Plaintiff individually and on behalf of similarly situated individuals who were employed on an hourly basis.

12. Plaintiff individually and on behalf of similarly situated individuals' primary duties were to help retail customers as cashiers or organizing and moving donated goods.

13. Plaintiff individually and on behalf of similarly situated individuals' hours of work varied based on Defendant's schedule for the week.

14. Defendant employed cashiers and sorters on an hourly basis.

15. Cashiers job duties included checking out customers.

16. Sorters job duties include sorting through donated goods, and determining if they are able to be resold.

## JURISDICTION AND VENUE

17. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §I331 and 29 U.S.C. §216(b).

18. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

19. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

20. At all times material to this complaint, Defendant were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

## UNPAID OVERTIME WAGES

21. From 2021 to present, Plaintiff worked numerous workweeks in excess of 40 hours.

22. During the weeks of employment where Plaintiff worked more 40 hours, Defendant reduced or eliminated overtime hours by deleting "shaving" reported hours from his time records.

23. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

24. Defendant is aware that it must pay its nonexempted store employees for all hours worked.

25. Defendant is aware that it must pay its nonexempted store employees for all overtime hours worked.

26. Defendant is aware that deleting or "shaving" time from hourly employees' time records violates the FLSA.

27. Defendant is aware that it must maintain accurate record of hours worked by all of its hourly employees.

28. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

29. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

30. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

31. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

32. Plaintiff has retained the law firm of Tran Law Firm to represent him in this suit. Plaintiff has entered into a valid contract with Tran Law Firm and has appointed that firm and the undersigned counsel to be his sole agent, attorney in-fact, and representative in this suit, exclusive

of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to their attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Tran Law Firm and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

33. Perry brings this claim under Section 216(b) of the FLSA as a collective action.

34. The same policy that caused Perry, to be denied their overtime pay caused Defendant's other Cashiers and Sorters ("Store Employees") to be denied their overtime pay.

35. While the precise job duties performed by the Store Employees might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

36. Nor do any differences in job duties matter for determining whether Defendant's policy of not paying Store Employees overtime is legal.

37. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

38. Because Defendant uniformly failed to pay overtime to all Store Employees, Plaintiff and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

39. Upon information and belief, Defendant employed numerous Store Employees like Plaintiffs during the past three (3) years.

40. Nearly all of the questions related to Plaintiff and the FLSA Collective can be answered on a collective basis.

41. Defendant's practice of refusing to pay Store Employees overtime is based on established companywide policies.

42. The most important questions presented in this case can be resolved on a collective-wide basis.

43. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

44. Furthermore, individual litigation would be unduly burdensome to the judicial system.

45. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

### COLLECTIVE DEFINITION

46. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> "All Store Employees, including cashiers and sorters employed by Goodwill who, within the last three (3) years, worked over forty (40) hours in a workweek, and were not paid overtime."

### PRAYER FOR RELIEF

Plaintiff, Paul Winston Perry, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

a. Judgment against Defendant for all unpaid overtime wages found to be due and owing;

b.  Judgment against Defendant that their violations of the FLSA were willful;

c.  Judgment against Defendant for an amount equal to the unpaid overtime compensation as liquidated damages;

d.  If liquidated damages are not awarded, an award of pre-judgment interest;

e.  Post-judgment interest at the applicable rate;

f.  All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

g.  Leave to amend to add claims under applicable state laws, if necessary; and,

h.  For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

TRAN LAW FIRM

*/s/Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
Phone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and On Behalf of All Others Similarly Situated**